IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDWARD LEE CHRISTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00742 |
| | ) | |
| DICKSON COUNTY, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se Complaint for violation of civil rights (Doc. No. 1) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Edward Lee Christy, an inmate of the Dickson County Jail in Charlotte, Tennessee. Plaintiff has also filed an application to proceed in forma pauperis (IFP) (Doc. No. 6) and a document that the Court construes as a Memorandum in support of his Complaint. (Doc. No. 7.)

The case is now before the Court for ruling on the IFP application and an initial review of the Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee otherwise required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 6) is **GRANTED**.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## III. ALLEGED FACTS

Plaintiff alleges that, in December 2020, he was incarcerated in the Dickson County Jail where he was finishing a sentence for a probation violation while also facing a charge of theft, for which his bond had been set at $5,000. (Doc. No. 7 at 1.) He alleges that, upon finishing his sentence "at the end of December 2020," he "could have bonded out for 3% of the 5,000 dollar bond" while the theft charge was pending. (*Id.*) However, on December 17, 2020, Plaintiff allegedly was taken to the booking area at the Jail, where he was served with a capias warrant for his arrest on a "marijuana and hashish charge" that he alleges was wrongly directed to him. (*Id.*)

According to Plaintiff, this was not the first time that he had been erroneously served with legal process in the Jail. Approximately one month earlier, in November 2020, Plaintiff allegedly was mistakenly served with a subpoena directed to "Edward Louis Christy[,] age 60[,] from 107 Christy Drive[,] White Bluff[,] Tn," whereas the Plaintiff is named Edward Lee Christy and is 54 years old; after pointing out these differences to the booking officer, Plaintiff alleges, he was told

"to disregard" the subpoena, that "it had been taken care of." (*Id.* at 1–2.) But allegedly, in December, when Plaintiff objected to being served with the capias warrant by noting that the warrant listed "the same address as the subpoena" he had been mistakenly served with before, he was told by the officials he contacted—including Lt. Quigley, Lt. Alberd, and Capt. Longtin—that he was "most definitely" the subject of the warrant, which identified him using both his photograph and his Social Security number. (*Id.*) Plaintiff alleges that Quigley, Albert, and Longtin "also got in touch with the warrants officer again[, who] said he checked again and [confirmed] it was a picture of me[.]" (*Id.* at 2.) Plaintiff allegedly was arraigned on the drug charge in January 2021 (*id.*) and bond was set at an "excessive" amount that he was unable to post. (Doc. No 1 at 4.)

In discovery he received in March 2021, Plaintiff alleges, he learned the name of the "arresting officer" (presumably, the officer who arrested Edward Louis Christy) and contacted him to inform him that the capias warrant had been served on the wrong Edward Christy. (Doc. No. 7 at 2.) The officer allegedly came to the Jail immediately to meet with Plaintiff and "said he remembered that arrest and he would get it taken care of." (*Id.* at 2–3.) Plaintiff allegedly was released from the Jail in mid-March 2021 (*id.* at 3; Doc. No. 1 at 4–5), shortly after contacting the arresting officer and approximately three months after he "could have bon[d]ed out" had he not been misidentified in the capias warrant. (Doc. No. 1 at 4.)[1]

Plaintiff sues Dickson County and the Dickson County Sheriff's Office, claiming that his Eighth Amendment rights were violated. (*Id.* at 2–3.) As relief, he seeks an award of $500,000 for false arrest and $250,000 in punitive damages. (*Id.* at 5.)

## IV. ANALYSIS

As an initial matter, the Dickson County Sheriff's Office is not an entity capable of being

---

[1] In his Memorandum, Plaintiff reports that he returned to the Jail later in 2021 and was to be held there "until around the end of January" 2022. (Doc. No. 7 at 3.)

sued under Section 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting Tennessee district court cases concluding that police departments and sheriff's offices are not proper parties to a Section 1983 suit). Furthermore, although Dickson County is a proper defendant under Section 1983, *see Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Mathes*, 2010 WL 3341889, at *1–3, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that the harm he suffered from being mistakenly identified in the capias warrant resulted from the execution of any Dickson County policy or custom. Accordingly, Plaintiff has failed to claim a right to relief against any proper defendant.

Even if Plaintiff had named as defendants the individual officers to whom his Memorandum refers (Lt. Quigley, Lt. Alberd, Capt. Longtin, and an unnamed "warrants officer"), "police and correction employees may rely on facially valid arrest warrants even in the face of vehement claims of innocence by reason of mistaken identity or otherwise." *Seales v. City of Detroit, Mich.*, 724 F. App'x 356, 359–60 (6th Cir. 2018) (quoting *Masters v. Crouch*, 872 F.2d 1248, 1253 (6th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979))). Moreover, "[t]he Supreme Court has held that if, in executing a presumptively valid arrest warrant, the police reasonably mistake a second person as being the individual named in the warrant and arrest him, the arrest of the second person does not offend the Constitution." *Fettes v. Hendershot*, 375 F. App'x 528, 532 (6th Cir. 2010) (citing *Hill v. California*, 401 U.S. 797, 802 (1971)). Plaintiff cannot plausibly claim that the capias warrant that allegedly identified him correctly by name,

photograph, and Social Security number was either facially invalid or unreasonably served on him, even though it contained an address that had previously been shown not to belong to him but to another Edward Christy. Thus, his initial detention pursuant to that warrant was not unconstitutional.

As to his continued detention through mid-March 2021, Plaintiff could claim a violation of his constitutional rights only by alleging that his jailers acted "with something akin to deliberate indifference when they fail[ed] to verify the identity of the person they have in custody, despite knowledge or notice that the person in custody is not the one listed in the arrest warrant." *Seales*, 724 F. App'x at 363 (internal quotation marks omitted). Again, although Plaintiff allegedly notified Officers Quigley, Alberd, and Longtin that he had been misidentified in the capias warrant, based on its inclusion of an address previously used to subpoena "Edward Louis Christy," the warrant is not alleged to have been issued in a name other than Plaintiff's (as was the subpoena), and the officers informed Plaintiff that it unmistakably identified him by photograph and Social Security number, in addition to name. (Doc. No. 7 at 2.) Plaintiff's allegations thus fail to support an inference that the officers had "knowledge or notice that the person in custody is not the one listed in the arrest warrant," despite the warrant's alleged inclusion of a street address that had previously been mistakenly associated with Plaintiff.

Even if notice of a reason to question whether Plaintiff was correctly named in the warrant sufficed to trigger a constitutional duty on the part of his jailers to investigate further, Quigley, Alberd, and Longtin allegedly responded to such notice by contacting the warrants officer, who confirmed that Plaintiff was the subject of the warrant after "check[ing] again." (*Id.*) Aside from containing an incorrect address, the warrant's description of its target is not alleged to be obviously incompatible with Plaintiff, such that these officers could be held to answer for violating his

constitutional rights by leaving any such major discrepancies unresolved. *Cf. Seales*, 724 F. App'x at 364 (finding triable issue on whether officer violated plaintiff's rights by failing to ascertain that he was not the person identified in arrest warrant, where officer had photographs "show[ing] two men who look nothing alike," and had access to fingerprints and biographical information for both men but did not attempt to check such information to confirm that the right man was in custody); *Gray v. Cuyahoga Cnty. Sheriff's Dep't*, 150 F.3d 579, 580 (6th Cir.), *opinion amended on denial of reh'g*, 160 F.3d 276 (6th Cir. 1998) (remanding for further proceedings on misidentified inmate's constitutional claim against defendant jail officials who possessed wanted man's name, birth date, Social Security number, and other descriptive information that "matched Gray exactly," but also wanted man's "photograph [that] looked nothing like [Gray], and [a] physical description [that] referred to certain scars that Gray did not have"). Indeed, any discrepancies or other indicia of unreliability in the warrant were apparently minor enough to escape the notice of the state court that arraigned Plaintiff on the drug charge in January 2021. (*Id.*) In these circumstances, Plaintiff cannot colorably claim that his jailers displayed "something akin to deliberate indifference" to his claim of mistaken identity, as required to show a violation of his constitutional rights.

The Court certainly sympathizes with Plaintiff or anyone else who is mistakenly charged with, and temporarily detained for, a crime he (or she) did not commit. However, Plaintiff's allegations are insufficient to support his claim that this mistake violated his federal constitutional rights. He therefore fails to plausibly claim a right to relief under Section 1983.

## CONCLUSION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim upon which relief may be granted. This case is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to any right to relief Plaintiff may pursue

under state law.

The Clerk is **DIRECTED** to serve this Order upon Plaintiff at both his address of record

and the forwarding address he provided in his most recent filing: 126 Lincoln Rd., White Bluff,

TN, 37036. (*See* Doc. No. 7 at 4.)

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P.

58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE